IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael Cornelius, | ) | C/A NO.  3:13-1018-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| John M. McHugh, Secretary, Department | ) | |
| of the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").  On July 28, 2014, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss be granted in part and denied in part.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  Plaintiff filed objections to the Report; Defendant sought an extension of time to file objections but did not file objections within the extended time period prescribed by the court.[1]

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

---

[1]On August 26, 2014, Defendant sought a further one-day extension for filing objections but gave no reason why the extension was needed.  Accordingly, the court denied Defendant's motion and ordered the Objections, which had been filed separately, stricken from the docket.

made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

As to Plaintiff's claim for relief under the Whistleblower Act, 10 U.S.C. § 1587, this court has no jurisdiction to entertain any action brought in this court by Plaintiff under this statute.

To the extent Plaintiff brings a Title VII retaliation claim based on his annual performance appraisal for the period ending February 28, 2011, the court agrees with the Magistrate Judge that this claim falls within the exception discussed in *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992).[2] However, the court also agrees with the Magistrate Judge that any retaliation claim based on Plaintiff's annual performance appraisal for the period ending February 28, 2013, is barred due to Plaintiff's failure to exhaust administrative remedies.

Even absent the *Nealon* exception, the court finds Plaintiff's allegations concerning his timely attempt to amend his January 27, 2011, EEO filing to include a charge of retaliation overcome Defendant's motion to dismiss based on lack of exhaustion.  *See* Pla's Declaration at 1, ECF No. 48-

---

[2]As to this issue, *Nealon* has not been overruled by *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  In *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 303 (4th Cir. 2009), the Fourth Circuit found that "*Morgan* addresses only the issue of when the limitations clock for filing an EEOC charge begins ticking with regard to discrete unlawful employment practices. . . . It does not purport to address the extent to which an EEOC charge satisfies exhaustion requirements for claims of related, post-charge events."

1 at 24 ("On April 1, 2011, I timely visited the EEO office within (45) days under the statute of limitation [to] try and file the Retaliation, and Whistleblower Protection Act, complaint against my employer by request[ing] to have the previous[ly] filed EEO complaint, dated January 27, 2011 amended. [The] EEO officer refused to file my complaints."). *See Edelman v. Lynchburg College*, 300 F.3d 400, 404 (4th Cir. 2002) ("Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim.").

Defendant McHugh's motion to dismiss (ECF No. 24) is **granted in part and denied in part**. Defendant's motion is **granted** as to any Title VII claim associated with the annual performance appraisal for the period ending February 28, 2013, and as to any Whistleblower Act claim brought pursuant to 10 U.S.C. § 1587. The motion is **denied** as to Plaintiff's claim of retaliation based on his annual performance appraisal for the period ending February 28, 2011.

Plaintiff has filed two motions for hearing based upon Defendant's motion for protective order, which was granted by the Magistrate Judge. *See* ECF Nos. 34 & 36. As the Magistrate Judge will be re-setting the deadlines for completion of discovery and other pretrial deadlines in this case, Plaintiff's motions are moot at this point. Accordingly, Plaintiff's motions for hearing (ECF Nos. 41 & 43) are **denied without prejudice**.

This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 10, 2014

3