IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Cornelius, | C/A NO. 3:13-1018-CMC-PJG |
| Plaintiff, | |
| v. | **OPINION and ORDER** |
| John M. McHugh, Secretary, Department of the Army, | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), DSC, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 15, 2015, the Magistrate Judge issued a Report and Recommendation ("Report II") recommending that Defendant's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to Report II and the serious consequences if they failed to do so. Plaintiff filed objections to Report II on June 5, 2015. Defendant replied to Plaintiff's objections on June 22, 2015. Fed. R. Civ. P. 72(b)(2).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections and Defendant's reply to the objections, the court agrees with the conclusions of the Magistrate Judge relating to Plaintiff's hostile work environment claim and any attempt by Plaintiff to reopen his whistleblower claim. However, Report II recommends granting summary judgment to Defendant on Plaintiff's retaliation claim based on a ground not raised by Defendant: that Plaintiff failed to make out a *prima facie* case of retaliation.

The court declines to adopt Report II's recommendation of summary judgment on Plaintiff's retaliation claim. Otherwise, the court adopts and incorporates the Report and Recommendation by reference in this Order except as discussed below.

### I. PLAINTIFF'S OBJECTIONS

The majority of Plaintiff's objections are conclusory and without merit. For example, Plaintiff maintains that in several instances, the Magistrate Judge "simply incorrectly evaluated facts," see Objections at 3, but these objections fail to establish any actual error in Report II. Additionally, Plaintiff disagrees with the Magistrate Judge's denial of reinstatement of his whistleblower claim. *Id*. at 10. However, as correctly found by the Magistrate Judge, this court does not have jurisdiction to entertain a claim under the Whistleblower Act, 10 U.S.C. § 1587.

Defendant argues in reply to Plaintiff's objections, *inter alia*, that Report II "properly rejected Plaintiff's argument that the Inspector General Report constitutes evidence of reprisal," and that Report II was "correct" in finding that Plaintiff "failed to demonstrate that his performance

evaluation had any detrimental impact on [Plaintiff]." Reply to Obj. at 4, 5, ECF No. 102.

## II. SUMMARY JUDGMENT ARGUMENTS

### A. *Subject Matter Jurisdiction*

Defendant presents four grounds for summary judgment. The first is that this court lacks subject matter jurisdiction over Plaintiff's remaining retaliation claim, as Plaintiff's deposition testimony reveals that he "considers his [February 28, 2011 evaluation] to be the product of whistleblower retaliation, not retaliation for his complaints of gender discrimination under Title VII." Mem. Supp. at 12, ECF No. 79-1. According to Defendant, this "clarification" divests this court of jurisdiction over Plaintiff's retaliation claim.

Initially, Defendant sought to dismiss this matter pursuant to Rule 12(b)(1) arguing, *inter alia*, that "[t]o the extent [Plaintiff] attempts to raise a Title VII claim concerning annual performance appraisals, he did not exhaust his administrative remedies as to this claim." Mem. Supp. M. at 1, ECF No. 24-1. This argument was rejected by a Report and Recommendation ("Report I") filed by the Magistrate Judge on July 28, 2014, as well as by this court's Opinion and Order ("Order") adopting Report I, filed September 10, 2014. ECF No. 62. Both Report I and the Order adopting it specifically found Plaintiff had sought to amend his EEO filing to assert a claim of retaliation, that this attempt had been thwarted, and that, under Fourth Circuit law,[1] Plaintiff was not precluded from raising his Title VII retaliation claim – a distinct claim from that of retaliatory harassment – in this court.

---

[1] *Edelman v. Lynchburg College*, 300 F.3d 400, 404 (4th Cir. 2002) ("Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim.").

The parties do not dispute that Plaintiff filed an informal complaint with the Fort Jackson Equal Opportunity (EEO) office on November 15, 2010, alleging discrimination and harassment based on his gender. The alleged discriminating official was his supervisor, Sandra Madera (Madera), and she learned of the EEO complaint in the December 2010 – January 2011 time frame. Plaintiff filed a formal EEO complaint with the Fort Jackson EEO office on January 27, 2011. *See* Mem. Supp. at 7 ¶ 12, ECF No. 79-1 (noting "Undisputed Facts"). Plaintiff's Annual Performance Review for the period March 2010 through February 28, 2011, was drafted by Madera prior to March 11, 2011, and resulted in an overall rating of "Satisfactory." *Id*. at 8 ¶ 13. For the prior two rating periods, Plaintiff had received Annual Performance Review ratings of "Excellent."

Plaintiff sought to amend his January 2011 EEO complaint to add a claim of retaliation after he received the "Satisfactory" Annual Performance Review. *See* Pla's Declaration at 1, ECF No. 48-1 at 24 ("On April 1, 2011, I timely visited the EEO office within (45) days under the statute of limitation [to] try and file the Retaliation, and Whistleblower Protection Act, complaint against my employer by request[ing] to have the previous[ly] filed EEO complaint, dated January 27, 2011 amended. [The] EEO officer refused to file my complaints."). Thwarted in his attempt to amend his EEO filing to include a retaliation claim, Plaintiff moved forward with a claim of whistleblower reprisal pursuant to 10 U.S.C. § 1587, as implemented by Department of Defense (DoD) Directive 1401.03. On May 22, 2012, the DoD-IG issued a report substantiating Plaintiff's complaint that he had been retaliated against by Madera and recommending that Plaintiff's "performance appraisal for the period ending February 28, 2011, [be rescinded] and substitute a new appraisal that accurately reflects Complainant's job performance." Whistleblower Reprisal Investigation Report No. 2011 120495-294 at 8, ECF No. 79-13.

4

Having previously been unsuccessful in arguing failure to exhaust as to the Title VII retaliation claim (based on the February 2011 performance rating), Defendant, citing Plaintiff's deposition testimony (Depo. of Michael Cornelius, Sr., ECF No. 79-2), now alters course and argues that the court lacks jurisdiction over Plaintiff's Title VII retaliation claim because it is really a claim for whistleblower relief. No legal authority is cited for this novel proposition. Title VII provides different remedies than administrative whistleblower relief under 10 U.S.C. § 1587, and there has been no waiver of Title VII relief here. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 72 (2006) (noting the variety of remedies available under Title VII).

### B. *Plaintiff's Acceptance of Settlement Agreements Preclude Lawsuit*

Defendant's third ground for summary judgment[2] contends Plaintiff has either waived his right to bring suit in this court or, alternatively, is precluded from a *de novo* review of his "discrimination and retaliation claims" based upon his entry into Negotiated Settlement Agreements ("NSA") relating to "his claims of discrimination and retaliation in connection with his January 27, 2011, EEO complaint, September 26, 2012, EEO complaint, as well as his March 13, 2013, amendment to his EEO complaint." Mem. Supp. at 15.

Neither of the NSAs includes Plaintiff's retaliation claim relating to the February 2011 performance evaluation. The NSA relating to Plaintiff's January 2011 EEO complaint states that Plaintiff agreed to

> withdraw his formal EEO complaint dated January 27, 2011, in which he alleges he was harassed because of his gender . . . [and] waive[s] any right to sue the Army, Fort Jackson, the Department of Defense or the United States *over the matters raised in the EEO complaint* [filed January 27, 2011] and will not make these matters the subject of any future litigation, grievance, investigation, claim or complaint . . . .

---

[2]Defendant's second ground for summary judgment was addressed in Report II.

5

Negotiated Settlement Agreement for ARJackson10OCT04505 at 2, ECF No. 79-12 (emphasis added). However, Plaintiff's retaliation claim is not raised in the January 27, 2011, EEO complaint, nor was Plaintiff allowed to amend the EEO complaint to add the retaliation claim. Therefore, it was not a "matter raised the EEO complaint" which was covered by the 2011 NSA.

As to the 2013 NSA, Plaintiff agreed to

> [w]ithdraw his formal EEO complaint dated September 26, 2012, as amended on March 13, 2013, in which he alleges that he was harassed on the basis of his gender (male) and reprisal (prior EEO activity *on July 23, 2012*) . . . [and] [w]aive[s] any right to sue the Army, Fort Jackson, the Department of Defense or the United States *over the matters raised in the EEO complaint* [filed September 26, 2012] and will not make these matters the subject of any future litigation, grievance, investigation, claim or complaint . . . .

Negotiated Settlement Agreement for ARJACKSON12AUG03376 at 1-2, ECF No. 79-19 (emphasis added). While the NSAs cover issues contained in Plaintiff's EEO filings of January 27, 2011, and September 26, 2012, as amended March 13, 2013, neither of the NSAs encompasses Plaintiff's retaliation claim which he was precluded from filing by the Fort Jackson EEO office and which this court has found exhausted under *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992). Accordingly, Defendant's motion for summary judgment on this ground is denied as it relates to Plaintiff's Title VII retaliation claim.

### C. Sovereign Immunity

Defendant's fourth ground for summary judgment is that to the extent Plaintiff seeks to litigate Defendant's alleged failure to comply with the NSAs, the United States has not waived sovereign immunity relating to alleged breaches of Title VII settlement agreements between federal employees and their federal employees. This ground is moot in light of the court's finding that the retaliation claim based on the February 28, 2011, performance evaluation is not covered by the

6

NSAs.

## II. RETALIATION

In support of summary judgment, Defendant takes the position that Plaintiff only has one claim of retaliation: that of retaliatory hostile work environment. *See* Mem. Supp. 13 (noting legal standard for establishment of hostile work environment claim). This is despite the fact that both Report I and the Order adopting Report I specifically address Plaintiff's retaliatory hostile work environment claim *and* the *separate* Title VII retaliation claim regarding the February 2011 performance evaluation. Defendant simply has not addressed the retaliation claim relating to the 2011 performance evaluation other than to argue the court lacks jurisdiction based on the whistleblower claim.

### *A. Report II*

Report II recommends granting summary judgment on the merits of Plaintiff's retaliation claim, concluding that Plaintiff failed to establish that the February 28, 2011, evaluation "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 68.[3] Additionally, the Report finds that Plaintiff failed to establish that the February 2011 evaluation resulted in any injury. Report at 7, 8, ECF No. 96. The court declines to adopt these recommendations.

The court is doubtful that it has the authority to grant summary judgment on an issue not

---

[3]The Fourth Circuit has not decided in a published opinion whether the *White* test applies to federal employees. *See Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008). However, the Fourth Circuit has applied the standard to federal employees in several unreported cases. *See, e.g., Caldwell v. Johnson*, 289 F. App'x 579, 591 n.13, 592 (4th Cir. 2008) (citing cases). In failing to address the merits of Plaintiff's retaliation claim, Defendant necessarily fails to argue that the *White* test does not apply to Plaintiff's claim.

properly before the court as Defendant's bases for seeking summary judgment did not include that Plaintiff could not establish Title VII retaliation under the *McDonnell-Douglas* burden-shifting framework. *See Jones v. Owens–Corning Fiberglas Corp.*, 69 F.3d 712, 719 n.7 (4th Cir. 1995) ("'When a party moves for summary judgment on ground A, his opponent is not required to respond to ground B—a ground the movant might have presented but did not [.]'") (quoting *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th Cir. 1989), *superseded on other grounds by statute*, *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1119-20 (7th Cir.1992)). The court finds it was therefore error for Report II to recommend granting summary judgment on this ground.

To this end, this matter will proceed to non-jury trial on Plaintiff's claim of Title VII retaliation related to the February 28, 2011, performance evaluation. For the benefit of the parties, the court outlines below the standards and issues for trial.

### B. Issues for Trial

#### 1. Standard – Title VII Retaliation

"To establish a *prima facie* case of retaliation in contravention of Title VII, a plaintiff must prove (1) that [he] engaged in a protected activity, as well as (2) that [his] employer took an adverse employment action against [him], and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d. 264, 281 (4th Cir. 2015) (internal quotation marks and citation omitted). *See also Foster v. Univ. of Md.-Eastern Shore*, __ F.3d __, 2015 WL 2405266 at *6 (4th Cir. May 21, 2015) (same). To satisfy the second element, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 68 (internal quotation marks and citation omitted). Therefore,

as relates to Plaintiff's *prima facie* case, the question is whether a reasonable employee might well have been dissuaded from filing or supporting a charge of discrimination if he knew doing so would result in receiving a performance rating which would affect his ability to receive "merit" pay.

As to the third element, in the context of establishing a *prima facie* case of retaliation, Plaintiff only need show "a causal relationship between the protected activity and the adverse employment activity." *Foster*, __ F.3d at __, 2015 WL 2405266 at *6. This is a somewhat lesser standard of proof than that which is required to establish pretext under the *McDonnell-Douglas*[4] burden-shifting framework. *See id*. at *5 (noting that "the causation standards for establishing a *prima facie* retaliation case and proving pretext are not identical.").[5]

### 2. Discussion

There is no disagreement that Plaintiff engaged in protected activity when he filed an informal charge of gender discrimination on November 15, 2010, with the Fort Jackson EEO office and a formal charge with that same office on January 27, 2011. Thereafter, Plaintiff received a yearly performance evaluation of "Satisfactory" for the period ending February 28, 2011. Prior to this evaluation, Plaintiff had received "Excellent" ratings.

Section 6-7 of Army Regulation (AR) 215-3 (dated 29 August 2003) provides that there are

---

[4]*McDonnell-Douglas v. Green*, 411 U.S. 792 (1973).

[5]In *Foster*, the Fourth Circuit analyzed the impact of *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. __, 133 S. Ct. 2517 (2013), on the evidentiary standards of the *prima facie* case and the summary judgment stage of Title VII retaliation claims. The *Foster* court determined that while *Nassar* had eliminated the lessened "motivating factor" test for direct and indirect evidence retaliation cases (requiring that plaintiffs establish that retaliatory animus be the "but-for" cause of the challenged employment action to survive summary judgment), it did not impact "the causation prong of the *prima facie* case." *Foster*, __ F.3d at __, 2015 WL 2405266 at *5.

five (5) levels of Nonappropriated Fund employee annual performance ratings. ECF No. 48-1 at 22.[6] An "Excellent" level "clearly exceed[s] the standard for a satisfactory rating and *merits consideration* for a special achievement award not to exceed 5 percent of annual salary [ ]." *Id.* at § 6-7(b)(2) (emphasis added). A "Satisfactory" rating "is authorized when the employee's performance meets, but does not exceed the standard to the degree required for a rating of excellent. This rating meets acceptable level of competence requirements." *Id*. at § 6-7(b)(3).

Report II notes that cases in the Fourth Circuit "have generally found that actions which essentially amount to criticism of an employee such as performance evaluations . . . are alone insufficient to constitute materially adverse employment actions under the *White* standard." Report II at 8, ECF No. 96. Plaintiff alleges that prior to the 2011 performance review, he had received "Excellent" performance ratings "including [ ] annual monetary merit pay increases." Compl. at 4, ECF No. 1. The 2011 performance evaluation caused Plaintiff to not be eligible for "consideration for a special achievement award . . . ."

It appears clear that an annual performance evaluation of "Excellent" entitled Plaintiff to consideration for a special achievement award of up to 5 percent of his annual salary. Therefore, the 2011 performance appraisal precluded Plaintiff from being considered for a special achievement monetary award for the year ending February 28, 2011.[7] The question for the trier of fact, then, is whether a reasonable worker might well be dissuaded from filing or supporting a charge of

---

[6]Absent objection by Defendant, the court assumes this regulation was in effect at the time of the complained-of evaluation.

[7]At trial, Plaintiff must show a materially adverse employment action under the *White* standard. The record does not reveal whether Plaintiff received a merit pay increase following his new appraisal for the period ending February 28, 2011, although the Complaint does allege his previous "Excellent" ratings included "monetary merit pay increases."

10

discrimination if he knew doing so could affect his ability to be considered for a special achievement award of up to 5 percent of his annual salary.[8]

The third prong of the *prima facie* test requires that Plaintiff establish a causal link between his exercise of protected activity and the adverse employment action. In this regard, Plaintiff argues that a DoD-IG investigation determined that Plaintiff received a "lowered annual appraisal in reprisal for making a protected disclosure; specifically, for filing an Equal Employment Opportunity (EEO) complaint . . . ." DoD-IG Whistleblower Reprisal Investigation Report 11-120495-294 (dated May 22, 2012) at 1, ECF No. 79-13. Defendant argues that the DoD-IG's conclusion is not binding on this court and that "the Inspector General's findings are not admissible as proof of retaliation on a *de novo* review of his Title VII retaliation claims." Mem. in Reply at 3, ECF No. 94 (citing *Laber v. Harvey*, 438 F.3d 407 (4th Cir. 2006)).

The public-records hearsay exception of the Federal Rules of Evidence provides that absent a showing by an opponent of a lack of trustworthiness, a "record or statement of a public office" is not hearsay if it sets out, in a civil case, "factual findings from a legally authorized investigation." Fed.R.Evid. 803(8)(A)(iii), (B). Therefore, while the DoD-IG's conclusion is not binding on this court, the report, provided it is "sufficiently trustworthy to be admitted[,]" *Beech Aircraft Corp. v.*

---

[8]As a result of success on his whistleblower retaliation claim, which found retaliation in the February 28, 2011, performance appraisal, it was recommended by the Inspector General, DoD, that "management officials [ ] rescind Complainant's performance appraisal for the period ending February 28, 2011, and *substitute a new appraisal that accurately reflects Complainant's job performance* . . . ." ECF No. 79-13 at 9 (emphasis added). Thereafter, the February 28, 2011 evaluation was rescinded, and Plaintiff's appraisal was changed to "Excellent," an admission by Defendant that an "Excellent" rating "accurately reflects Complainant's job performance . . . ," *id*. Certainly this is evidence that the "Satisfactory" appraisal had a detrimental impact. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 73 (2006) ("an indefinite suspension without pay could well act as a deterrent, even if the suspended employee eventually received backpay.").

11

*Rainey*, 488 U.S. 153, 169 (1988), is admissible like any other evidence to support or refute a claim.

Defendant argues that based upon an "Employee Discussion Guide" issued to Plaintiff in November 2010 and the issues listed in Plaintiff's formal EEO complaint, his supervisor "had issues with his work performance . . . ," Mem. in Reply at 5, ECF No. 94, and therefore Defendant "should not have been surprised that the Human Relations section on his annual performance review was downgraded . . . ," *id*. However, the temporal relationship and proximity of the "Satisfactory" annual performance review after Plaintiff engaged in protected activity may raise an inference of retaliatory animus. *See Clark Cnty. Sch. Dist. v. Breenen*, 532 U.S. 268, 273 (2001) (temporal proximity can provide proof of causation when the "temporal proximity between an employer's knowledge of protected activity and an adverse employment action" are "very close."). Additionally, Ms. Madera, Plaintiff's supervisor who was named in both Plaintiff's informal and formal complaints and who gave Plaintiff the 2011 "Satisfactory" rating, was aware of Plaintiff's protected activity no later than January 21, 2011, the date of the final interview with Plaintiff by an EEO Counselor. *See* EEO Counselor's Report at 5, ECF 79-9.

Moreover, examination of the DoD-IG Whistleblower Report shows its findings to be trustworthy. Defendant does not challenge the trustworthiness of the report; indeed, it is attached as an exhibit to Defendant's summary judgment motion. *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 301 (4th Cir. 1984 ) (concluding that "burden is on the party opposing admission to demonstrate that the report is not reliable . . . ."). However, even if Defendant were to challenge the trustworthiness of the report, the court would note the following. First, the Inspector General conducted a timely investigation between July 19, 2011 (the date Plaintiff called the DoD whistleblower hotline) and May 22, 2012 (the date the report was issued). The DoD Inspector General is authorized by statute

and DoD directive to conduct whistleblower investigations involving non-appropriated fund employees.

The DoD-IG investigation reviewed a variety of relevant records, including Plaintiff's personnel records, his EEO file, and the 2010 and 2011 ratings for ten other employees under Madera's supervision. A number of witnesses were identified and interviewed, including witnesses favorable to Plaintiff and those identified by management to assess Plaintiff's job performance. As a result, the investigation concluded that Madera was aware of Plaintiff's informal and formal EEO complaints; that in five of the seven appraisal categories, Plaintiff was rated lower than he had been rated previously; that aside from the "Employee Discussion Guide" dated November 12, 2011, Madera claimed to have notes of informal counseling sessions but failed to provide documentation of any counseling or feedback sessions; and that Plaintiff was "marked down much more severely than all other employees under Ms. Madera's supervision, and even more severely than the one employee [ ] who had been given a coaching and verbal feedback for disciplinary reasons." Report at 8, ECF No. 79-13. In finding that Plaintiff's complaint was substantiated, the report concluded that

> it was not one, but five ratings that decreased from the year prior, and shortly after a protected disclosure where [Plaintiff] complained about [Madera]. Absent adequate documentation of other credible evidence supporting the various downgrades, Ms. Madera failed to demonstrate by a preponderance of the evidence that she would have taken the same personnel action absent [Plaintiff's] EEO complaint.

*Id*. at 8.

The burden of establishing a *prima facie* case of retaliation is not onerous. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, *Price Waterhouse*

*v. Hopkins*, 490 U.S. 228 (1989). It appears Plaintiff may be able to provide sufficient evidence of a causal link between the protected activity and the alleged retaliatory action to establish a *prima facie* case of retaliation.

Once Plaintiff establishes a *prima facie* case, there is a rebuttable presumption that he was the victim of unlawful retaliation. *See United States Postal Serv. v. Aikens*, 460 U.S. 711, 714 (1983) (Title VII context). To rebut this presumption, Defendant must, under the *McDonnell Douglas* framework, clearly set forth, through the introduction of admissible evidence, a legitimate, nonretaliatory reason for the treatment afforded Plaintiff. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) (ADEA context); *Aikens*, 460 U.S. at 714. Defendant's burden is one of production, not of persuasion. *See Reeves*, 530 U.S. at 142. If Plaintiff can prove Defendant's stated reason unworthy of credence, the trier of fact may then properly infer the ultimate fact of retaliation. *See id.* at 147.

### III. Retaliatory Harassment/Hostile Work Environment

The Report concludes that Plaintiff fails to establish a *prima facie* case of retaliatory hostile work environment. Report at 12. In objection, Plaintiff points to the DoD-IG investigation's findings and an affidavit submitted on Plaintiff's behalf by co-worker Tonia Cheeks. However, as noted by the Report, the DoD-IG's report indicates the only claims investigated related to the February 2011 performance appraisal. Report at 12 n.4. Additionally, Cheeks' affidavit was evaluated and considered by the Magistrate Judge and Plaintiff's objections fail to establish any error in the Report regarding Plaintiff's claim for retaliatory harassment. Accordingly, Defendant's motion for summary judgment regarding Plaintiff's claim for retaliatory harassment is **granted**.

### IV. Other Pending Motions

Based upon the rulings above, Plaintiff's motions for hearing (ECF No. 69), to strike Defendant's motion for an extension of time, and to strike Plaintiff's deposition (ECF No. 84) are **denied**.

### V. CONCLUSION

Defendant's motion for summary judgment is **granted in part and denied in part** as outlined in this Order. Plaintiff's motions for hearing, to strike deposition, and to strike motion for extension are **denied**.

Plaintiff has requested a non-jury trial. *See* Compl. at 1, 5, ECF No. 1. Accordingly, this matter is set for pretrial conference in Courtroom Number 1, Matthew J. Perry, Jr., United States Courthouse, 901 Richland Street, Columbia, South Carolina 29201, on **Wednesday, July 15, 2015, at 3:00 p.m.** The issue for trial is limited to Plaintiff's Title VII claim of retaliation based on the February 28, 2011, performance appraisal.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 1, 2015